UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN




USA

           Plaintiff

                                  Case No. 2:00-m-80682

v.

Aldin
                    Defendant
_____/

To: USDC of Southern Florida

The above entitled case is being returned to your court pursuant to the enclosed order.

Included with this notice are certified documents and a certified copy of the docket sheet.

Please acknowledge receipt on the additional copy of this notice by timestamping it and returning it to:

         United States District Court
               Clerk's Office
     Theodore Levin United States Courthouse
            231 West Lafayette
           Detroit, Michigan   48226

                            DAVID J. WEAVER
                            CLERK OF COURT

                    By: Lolita Granger
                        Deputy Clerk
               Phone: 313/234/5010

Date:  September 27, 2000

      Stephen L. Hiyama, Esq.
      United States Attorney's Office
      211 W. Fort Street
      Suite 2001

Detroit, MI   48226-3211

Rhonda R. Brazile, Esq.
Federal Defender Office
645 Griswold Street
2255 Penobscot Building
Detroit, MI   48226

AO 94 (Rev. 8/85) Commitment to Another District

# United States District Court

**FILED**
SEP 2 5 2000
CLERK'S OFFICE
U.S. DISTRICT COURT
~~EASTERN MICHIGAN~~

Eastern DISTRICT OF Michigan

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
| V. | DISTRICT |

Raed Aldin

CASE NUMBER: 00-80682

The defendant is charged with a violation of __21__ U.S.C. §841(d)(2) + 846 alleged to have been committed in the __Southern__ District of __Florida (Ft. Lauderdale)__

Brief Description of Charge(s):

Conspiracy to possess w/ intent to distribute + to distribute pseudoephedrine (separate from all defendants on indictment)
(see attached)

Consented to detention for purposes of removal only
The defendant ~~has been unable to obtain release~~ under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed.R.Crim.P. 40 having been completed.

9/25/2000
Date

_____
Judicial Officer

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

No. 00-M-80682

-vs-

RAED NADER ALDIN,

Defendant.

_____/

## WAIVER OF RULE 40 HEARING(S)

1. I, RAED NADER ALDIN, understand that charges are pending against me in the United States District Court for Southern District of Florida. I also understand that the charges are contained in an indictment and involve the following crimes or violations:

> conspiracy to possess and distribute pseudoephedrine to facilitate the manufacture of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(d)(2).

2. I acknowledge that I have been arrested in the Eastern District of Michigan in connection with these charges and have appeared before a United States Magistrate Judge, who has informed me of, among other things, the nature

of the charges pending against me and my right to retain counsel or request the assignment of counsel if I am unable to retain counsel. I also acknowledge that the United States Magistrate Judge has informed me of

- if the charges are criminal, my right to request transfer of the charges to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure in order to plead guilty (subject to the approval of the U.S. Attorneys for the affected districts);

- my right to an identity hearing to determine if I am the person named in the arrest warrant; and

- if the charges are criminal and contained in a complaint, my right to a preliminary examination in either this district or the district in which the charges are pending to determine whether there is probable cause to believe that I committed the charged offense(s).

3. Understanding this, I desire to and do hereby waive (give up) the following right(s) and, therefore, consent to the issuance of an order requiring my appearance in the district in which the charges are pending:

☒ My right to an identity hearing.

☐ My right to a preliminary examination in this district. However, I request a preliminary examination in the district in which the charges are pending.

☐ My right to a preliminary examination.

4. I acknowledge that I have discussed this matter fully with my attorney and believe that it is in my best interest to sign this waiver.

_____
RAED NASER ALDIN
*Defendant*

_____
RHONDA BRAZILE
*Attorney for Defendant*

Date: 9-25-00

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

*Raed Nasir Aldin*

Case No: 00-80682

## APPOINTMENT OF FEDERAL DEFENDER OFFICE

| ☐ MULTIPLE DEFENDANT CASE | ☐ DEFENDANT IN CUSTODY |
|---|---|
| ☐ NON-ENGLISH SPEAKING | LANGUAGE: _____ |
| VIOLATION: _____ | CASE TYPE: _____ |

FILED SEP 22 6 01 PM '00

The defendant has qualified for the appointment of counsel under the Criminal Justice Act.

**IT IS ORDERED** that the Federal Defender Office, 22nd Floor, 2255 Penobscot Building, Detroit, Michigan 48226, telephone number **(313) 961-4150**, is appointed to represent this defendant in this case, unless the appointment is terminated by (1) Order of the Court, (2) appointment of substitute counsel, or (3) appearance of retained counsel.

NEXT COURT DATE: _SEPT 25, 2000, 1:00pm Detention + Removal HRG_

Dated: 9/22/00

_____
United States District Judge/Magistrate Judge

AUSA Assigned: _Hiyama_

## PARTIAL PAYMENT ORDER

**IT IS ORDERED** that partial payment be made by the defendant in the amount of _____ monthly, commencing on _____, until this case is terminated or otherwise ordered by the Court. Payment shall be made to the **Clerk of the Court, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.**

Defendant's Name, Address & Telephone Number:

_____
United States District Judge/Magistrate Judge

_____
Defendant's Signature

EDM 0044
01/95

ORIGINAL

AO 470 (8/85) Order of Temporary Detention

# United States District Court

EASTERN ──────── DISTRICT OF ──────── MICHIGAN

FILED
SEP 22 6:00 PM '00
U.S. ... COURT
E... ...ICH.

UNITED STATES OF AMERICA

V.

*Raed Aldin*
　　　Defendant

**ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT**

Case Number: 00-80682

Magistrate Judge: THOMAS A. CARLSON

Upon motion of the **GOVERNMENT** / DEFENDANT _____, it is ORDERED that a *Removal hearing and* detention hearing is set for _Sept. 25, 2000_ at _1:00 pm_
before _DUTY MAGISTRATE JUDGE_
Name of Judicial Officer

231 West Lafayette, Detroit, Michigan 48226 (Duty Courtroom)
Location of Judicial Officer

Pending this hearing, the defendant shall be held in custody by (the United States marshal) ( _____

_____ ) and produced for the hearing.
Other Custodial Official

Date: 9/22/00

_Thomas A. C..._
Judicial Officer
THOMAS A. CARLSON
UNITED STATES MAGISTRATE JUDGE

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. §3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. §3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

# United States District Court

EASTERN _____ DISTRICT OF _____ MICHIGAN

UNITED STATES OF AMERICA
V.

Raed Nasar Aldin
_____
Defendant

Consent Removal to Chargin District

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 00-80682

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the defendant pending trial in this case.

## Part I — Findings of Fact

- [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .[1]
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.
- [ ] (4) Findings Nos. 1 and (2) (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____ .[2]
  - [ ] under 18 U.S.C. §924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

- [x] (1) [illegible handwriting] that the foregoing is [illegible]
- [ ] (2) _____
- [x] (3) There is a serious risk that the defendant will flee.
- [ ] (4) There is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror.

FILE
SEP 2 5 2000
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence that

def. has immigrat. hold - consents to detent. for removal - No hearing held, no adverse findings made - def should be given full hearing [illegible]

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 9/25/00

_Virginia M Morgan_
Magistrate Judge Virginia M. Morgan

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

[2] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f). See 18 U.S.C. §3142(g) for the factors to be taken into account.

```
                                                              CLOSED
                    U.S. District Court
        for the Eastern District of Michigan (Detroit)

           CRIMINAL DOCKET FOR CASE #: 00-M -80682-1
```

USA v. Aldin                                               Filed: 09/22/00

RAED NASER ALDIN                    Rhonda R. Brazile
    defendant                        [COR LD NTC ret]
                                  Federal Defender Office
                                  645 Griswold Street
                                  2255 Penobscot Building
                                  Detroit, MI 48226
                                  313-961-4150

                                  Federal Defender's Office
                                  [COR LD NTC aus]
                                  2255 Penobscot Building
                                  Detroit, MI 48826
                                  313-961-4150

Pending Counts:

   NONE

Terminated Counts:

   NONE


Complaints                          Disposition

RULE 40 PETITION - DEFENDANT        COMMITMENT of defendant Aldin
CHARGED IN THE SOUTHERN             to the Southern District of
DISTRICT OF FLORIDA                 Florida at Fort Lauderdale
                                      (-1)


U. S. Attorneys:

   Stephen L. Hiyama
   [COR LD NTC aus]
   United States Attorney's Office
   211 W. Fort Street
   Suite 2001
   Detroit, MI 48226-3211
   313-226-9100

Docket as of September 27, 2000 3:11 pm                    Page 1

```
Proceedings include all events.                                    CLOSED
2:00m 80682-1 USA v. Aldin
```

| Date | # | Entry |
|---|---|---|
| 9/22/00 | 1 | PETITION by Stephen L. Hiyama for a removal hearing based on a warrant issued in the Southern District of Florida at Ft. Lauderdale as to Raed Naser Aldin (1) count(s) cmp in violation of 21:841(d)(2) and 846 (kd) [Entry date 09/22/00] |
| 9/22/00 | -- | APPEARANCE on Rule 40 by defendant Raed Naser Aldin before Magistrate Judge Thomas A. Carlson, setting detention hearing for 1:00 9/25/00 for Raed Naser Aldin, setting removal hearing for 1:00 9/25/00 for Raed Naser Aldin - D/Atty: Andrew Wise - AUSA: Steve Hiyama - Tape # Duty Call 9/22/00 (kd) [Entry date 09/22/00] |
| 9/22/00 | 5 | ORDER by Magistrate Judge Thomas A. Carlson appointing the Federal Defender Office to represent Raed Naser Aldin (lg) [Entry date 09/27/00] |
| 9/22/00 | 6 | ORDER by Magistrate Judge Thomas A. Carlson as to Raed Naser Aldin, for temporary detention pending hearing [EOD Date 9/27/00] (lg) [Entry date 09/27/00] |
| 9/25/00 | -- | REMOVAL hearing waived as to defendant Raed Naser Aldin - Magistrate Judge Virginia M. Morgan D/Atty: Rhonda AUSA: Michael Lang Tape #: VM 2149 (KG) [Entry date 09/26/00] |
| 9/25/00 | -- | DETENTION hearing not held as to defendant Raed Naser Aldin Disposition: DEFENDANT CONSENTS TO DETENTION - Magistrate Judge Virginia M. Morgan D/Atty: Rhonda Brazile AUSA: Michael Lang Tape #: VM 2149 (KG) [Entry date 09/26/00] |
| 9/25/00 | 2 | ORDER by Magistrate Judge Virginia M. Morgan as to Raed Naser Aldin, of detention pending trial [EOD Date 9/27/00] (lg) [Entry date 09/27/00] |
| 9/25/00 | 3 | WAIVER by Raed Naser Aldin and attorney Rhonda R. Brazile (lg) [Entry date 09/27/00] |
| 9/25/00 | 4 | ORDER by Magistrate Judge Virginia M. Morgan holding defendant Raed Naser Aldin to answer and appear in the Southern District of Florida at Ft. Lauderdale [EOD Date 9/27/00] (lg) [Entry date 09/27/00] |