UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR-HURLEY

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-

RAED NASER ALDIN,

       Defendant.
_____/

## MOTION TO SUPPRESS STATEMENTS

The Defendant, **RAED NASER ALDIN**, through counsel, respectfully requests this Court suppress statements made on or around June 15, 2000 to persons known to be law enforcement, and in support thereof would state:

### STATEMENT OF FACTS

Sometime around June 1, 2000, DEA agents began a surveillance of a townhouse located at 704 N. Broughton Circle, Building 6, Boynton Beach, Florida. It appears from the discovery provided that this surveillance was set up after RAED ALDIN and Motlaq Jaber were observed driving a U-Haul truck from a warehouse facility in Fort Lauderdale to the townhouse in question. The U-Haul truck was observed backing into the garage which the agents believed applied to apartment 704, and ALDIN and Jaber were observed unloading unknown objects into the garage. Apparently, the DEA had received information from a source of unknown reliability



1

that Jaber and ALDIN were transporting pharmaceutical-grade pseudoephedrine in the U-Haul.

On subsequent occasions, other unknown individuals were observed exiting apartment 704 with garbage bags and boxes, which were later determined to be thousands of opened and empty plastic pill bottles labeled "True Choice Maximum, Pseudoephedrine HCL, 60 mg."

On June 5, 2000, Special Agent Joseph Collins of the DEA prepared an affidavit for a search warrant of apartment 704. The affidavit purports to establish probable cause that pseudoephedrine was being stored in apartment 704. The search warrant was issued that same day, and served at approximately 9:00 p.m. that evening.

On June 5, 2000, while the agents were executing the search warrant, a traffic stop was initiated on a car containing ALDIN. Meanwhile, the search warrant yielded approximately 118 boxes of pseudoephedrine in bottle form, and 31 boxes of pseudoephedrine in loose pills.

The stop and detention of ALDIN was without reasonable suspicion or probable cause to believe he had committed any crime. To the extent that the observations of the agents in observing ALDIN enter and exit apartment 704 could be established, there was not sufficient link to illegal activity to warrant a reasonable police officer to believe that ALDIN had committed a crime. Consequently, any answers

he may have given to the police in response to any interrogation should be suppressed.

As will be more fully explored in the accompanying memorandum of law, the affidavit that was used to obtain the search warrant, which was the extent of the knowledge of the subject criminal activity possessed by law enforcement, did not establish probable cause or even reasonable suspicion that ALDIN had committed any crime. Certain inferences drawn from the information in the possession of law enforcement at the time of the execution of the search warrant were unreliable or otherwise insufficiently inculpatory. Specifically, the information that ALDIN had been transporting pseudoephedrine was provided by some source, the basis of reliability of which was never disclosed in the affidavit. Completely lacking in the affidavit was any facts indicating ALDIN's knowledge of the contents of the boxes he had allegedly transported to apartment 704 or presumably unloaded into the garage on June 1, 2000. To the extent that pseudoephedrine is a listed chemical, and one which can be used to manufacture illegal methamphetamine, it is also a legal substance which can be possessed and distributed by licensed distributors and their agents. There was an absence of probable cause in the affidavit to warrant the conclusion that ALDIN had knowledge of the potentially illegal use of the pseudoephedrine.

3

As the Government knew or should have known at the time that the affidavit was prepared, the person primarily responsible for the movement of the pseudoephedrine was licensed to distribute it. To the extent that this knowledge was available, it was not included in the affidavit. This omission would constitute a material omission or false statement that could potentially invalidate the search warrant.

The only basis for the stop and interrogation of ALDIN was the fact that, on one occasion, he had been to the premises being searched. The absence of probable cause to search the premises based upon the inadequacies of the search warrant invalidates this basis for suspecting ALDIN was committing a crime. The agents knew nothing else about ALDIN and his involvement in this operation. Seeing him enter or exit apartment 704 does not present probable cause or reasonable suspicion to justify any infringement upon his liberty. This is because the possession of pseudoephedrine by itself is not a crime. It is only criminal for a defendant to possess pseudoephedrine with the intent that it be used in the manufacture of methamphetamine. There are limits to whom the police can detain because they might have entered a place which is subject to being searched pursuant to a warrant. The police exceeded those limits, and rendered ALDIN's statements involuntary.

## MEMORANDUM OF LAW

The questioning of ALDIN by the police occurred after he had been seized by the police. There was no reasonable suspicion to justify the stop. Terry v. Ohio, 392 U.S. 1 (1968). To the extent that ALDIN was diverted from his intended mission, and directed away from the automobile in which he was travelling by the police, he was subjected to a de facto detention. Probable cause did not exist to justify that de facto arrest. Dunaway v. New York, 442 U.S. 200 (1979); United States v. Berry, 670 F.2d 583 (5th Cir. Unit B 1982).

The fact, if established, that ALDIN may have been inside the Boynton Beach townhouse that was being searched with a search warrant did not give the police either probable cause or reasonable suspicion to stop him. Compare, Illinois v. McArthur, 121 S.Ct. 946 (2001) (refusal by police officer to allow defendant to enter residence without a police officer until a search warrant could be obtained constituted a seizure, that was reasonable under the Fourth Amendment); Minnesota v. Dickerson, 508 U.S. 366 (1993) (reasonable suspicion to stop defendant who was followed leaving an apartment building notorious for drug sales, where several search warrants had been executed on

the premises, and the building in question was known as a "crack house"). ALDIN was neither entering the residence while it was being searched nor was he exiting it under circumstances that suggested he was committing a crime. The tip that alerted the police to the pseudoephedrine five days before was insufficient to create even reasonable suspicion for the stop. Alabama v. White, 496 U.S. 325 (1990).

Any suspicion that the police may have had that any other individual in ALDIN's presence was involved in criminal activity justifying either investigatory detention or arrest did not carry over to ALDIN. Ybarra v. Illinois, 444 U.S. 85 (1979) (police executing a search warrant on a tavern could not pat down a patron of that tavern absent facts which would have indicated that the patron was in possession of contraband); United States v. Bonds, 829 F.2d 1072 (11th Cir. 1987) (an individual can be stopped by the police so long as the officer is aware of facts which would allow him to conclude that "criminal activity is afoot"). There was no evidence that criminal activity was afoot. The officer stopped the car and seized ALDIN for the purpose of gathering information, but without the predicates of either reasonable suspicion or probable cause.

While being interrogated, the police did not advise ALDIN of his rights per Miranda.[1] There were no intervening factors to vitiate the element of coercion. Any statements made must be suppressed.

To the extent that the Government may rely upon the facial validity of the search warrant as establishing probable cause to believe that pseudoephedrine could be found inside the townhouse, the affidavit which was used to obtain the search warrant was legally insufficient. There was a complete absence of an allegation of reliability on the part of the anonymous source. United States v. Barrington, 806 F.2d 529 (5th Cir. 1986) (even "bare bones" allegations of reliability insufficient). A Magistrate considering a search warrant needs to be provided with sufficient indicia of reliability to justify reliance upon the source's information by considering the totality of the circumstances. Illinois v. Gates, 462 U.S. 213 (1983) (although strict adherence to the Aguilar/Spinelli criteria is not required, the totality of the circumstances must still be considered). The affidavit is also vulnerable to attack under Franks v. Delaware, 438 U.S. 154 (1978) because

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

7

it omitted any reference to the fact that the transaction involving the pseudoephedrine in question was being conducted by a licensed dealer. Even if probable cause existed in the affidavit to search the townhouse, there is neither reasonable suspicion nor probable cause to believe that ALDIN was aware that the pseudoephedrine was contraband.

## CONCLUSION

Upon the arguments and authorities aforementioned, the Defendant requests this Court suppress any statements made to the police on June 5, 2000.

Respectfully submitted,

CHARLES G. WHITE, P.A.
Counsel for Defendant
2250 S.W. Third Avenue
Suite 150
Miami, Florida 33129
Tel: (305) 856-1211
Fax: (305) 856-0171
Florida Bar No. 334170



CHARLES G. WHITE, ESQ.

8

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 3rd day of May, 2001, to: LAURENCE M. BARDFELD, ASST. U.S. ATTORNEY, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, FL 33394; and defense counsel listed below.

RICHARD HAMAR, ESQ.
2437 Briarcrest Road
Beverly Hills, CA 90210
(Counsel for MOHAMMED SAMHAN)

FRED HADDAD, ESQ.
One Financial Plaza, # 2612
Fort Lauderdale, FL 33394
(Counsel for THOMAS NAROG)

JOHN R. HOWES, ESQ.
633 S.E. Third Ave., # 4F
Fort Lauderdale, FL 33301
(Counsel for RABAH EL HADDAD)

PAUL GOODMAN, ESQ.
33 N. Deerborn St., # 1015
Chicago, IL 60602
(Counsel for NABIL AQUIL)

TIMOTHY BIASIELLO, ESQ.
33 N. Deerborn St., # 1015
Chicago, IL 60602
(Counsel for NIZAR FNEICHE)

RANDEE J. GOLDER, ESQ.
Post Office Box 3756
Boynton Beach, FL 33424
(Counsel for ZUHAIR RABEI)

GLENN SEIDEN, ESQ.
33 N. Dearborn St., # 1015
Chicago, IL 60602
(Counsel for GHANDI JABER)

RICHARD DOCOBO, ESQ.
1571 N.W. 13th Court
Miami, FL 33125
(Counsel for NADIA ALMASRI)

THEODORE WEEKS IV, ESQ.
One Lake Morton Drive
Post Office Box 3
Lakeland, FL 33802
(Counsel for SABER ABDELMUTI)

F. WESLEY BLANKNER, JR., ESQ.
217 E. Ivanhoe Blvd., N.
Orlando, FL 32804
(Counsel for AHMAD ALMASRI)

CHARLES G. WHITE, P.A.
Counsel for Defendant ALDIN
2250 S.W. Third Avenue
Suite 150
Miami, Florida 33129
Tel: (305) 856-1211
Fax: (305) 856-0171
Florida Bar No. 334170

9