UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 00-6211-CR-HURLEY

-vs-

RAED NASER ALDIN,

        Defendant.
_____/

NIGHT BOX FILED

JUN 18 2001

CLERK, USDC / SDFL / WPB

## MOTION FOR SEVERANCE

The Defendant, **RAED NASER ALDIN**, through counsel, respectfully requests this Court sever his case, and in support thereof would state:

    1. ALDIN is charged with conspiracy to possess pseudoephedrine, a precursor in the manufacture of methamphetamine. The case against him centers upon the observations of law enforcement officers in early June, 2000 in South Florida. ALDIN was observed loading boxes onto a truck at a warehouse, and then apparently unloading those boxes at a townhouse in Boynton Beach on a couple of occasions. ALDIN was also confronted by agents on June 5, 2000, and interviewed. That incident is subject to a pending Motion to Suppress, which was to be heard by Magistrate Judge Vitunac on June 11, 2001. After the hearing, she indicated that she would recommend that the Motion to Suppress be denied.

    2. In contrast to ALDIN's limited involvement in this case, several other co-defendants are charged in an



extensive conspiracy to manufacture and possess methamphetamine and pseudoephredine in California, New York, Orlando and elsewhere. The Government has revealed the identities of a number of cooperating witnesses. None of these have any information concerning ALDIN to the best of his knowledge.

3. The Government estimates that the trial of all the defendants in this case will last approximately three weeks. From what is known about the Government's case to date, ALDIN believes that the trial against him could be finished in three or four days at most.

4. When the Indictment in this case was returned, ALDIN was in Canada. ALDIN is a Palestinian citizen with no legal status in the United States. He was telephonically notified by the police, and advised of the pendency of this Indictment. He voluntarily surrendered himself to U.S. authorities in Detroit, Michigan. Although the Government agreed on the relatively low bond, ALDIN's status as an illegal alien meant that he would be confined until his trial whether or not he posted that bond.

5. ALDIN surrendered to U.S. authorities in September, 2000. He was then transported in custody, and appeared before a Magistrate Judge for his initial appearance on October 5, 2000. ALDIN has been in custody ever since he surrendered.

6. At the Calendar Call in March, 2001, the Government announced that it intended to file a Superseding Indictment against some of the co-defendants to include methamphetamine charges which had heretofore not been alleged. It was believed that the threat of a Superseding Indictment might cause some defendants to plead guilty and thereby significantly decrease the time required for trial. The Court also expressed its desire to know how many defendants would be going to trial in order to make provision for a proper size courtroom. This Court decided to carry this case on its revolving calendar while it tried the case of United States v. Hogan. The Defendant acquiesced to this procedure, believing that it would result in the case being tried before June, 2001. The Hogan case has taken longer to try than was originally estimated.

7. ALDIN was arraigned on the Superseding Indictment on March 14, 2001. No new charges were included in the Superseding Indictment as to him.

8. At the Calendar Call held June 5, 2001, the motions by some co-defendants to continue the trial were granted. The trial has now been set for this Court's October, 2001, calendar.

9. ALDIN objected to the continuance on the grounds that it would extend his confinement before trial by four months. ALDIN requested this Court sever his case from that

3

of his co-defendants, and permit him to stand trial on June 25, 2001.

10. Mohammed Samhan also objected to the October, 2001, setting. He has already filed a Motion to Sever.

11. Assistant U.S. Attorney Lawrence Bardfeld objects to a severance of this case. He has already orally stated his opinion that if ALDIN and Samhan are tried together, the length of trial would not be significantly less than the original three-week estimate. ALDIN and Samhan, disagree, and maintain their belief that a joint trial limited to their participation could be completed in five to seven trial days at most. Since ALDIN is in custody, he should be entitled to preference, if the Court was considering severing only one defendant.

## MEMORANDUM OF LAW

The Government is generally entitled to try all defendants charged in the same Indictment together. United States v. Diaz, 248 F.3d 1065, 1100 (11th Cir. 2001). Balancing the Government's right to a joint trial is a defendant's right to a speedy trial. 18 U.S.C., Section 3161, et seq.; Barker v. Wingo, 407 U.S. 514 (1972). Although Section 3161(h)(1)(F) provides that time for which motions are pending are excludable, the only pretrial motion filed by ALDIN has been heard by the Magistrate Judge, and will be denied on or before June 25, 2001. The continuance

4

until October, 2001, was made necessary primarily because of conflicting schedules by co-counsel. Difficulties in scheduling does not toll the speedy trial clock. <u>United States v. Wentland</u>, 582 F.2d 1022, 1024 (5th Cir. 1978).

At the Calendar Call held June 5, 2001, all defendants indicated their readiness. To the extent that this case was complex as that term is described in Section 3161(h)(8)(B), sufficient time has passed for all defendants to prepare their defenses. The complexity of the case and novelty of the issues no longer justifies further continuances.

Section 3164 recognizes the special circumstances presented when a defendant is incarcerated. It provides for automatic review of a detainee's conditions of release if he is not brought to trial within 90 days. Congress clearly intended to suggest that the speedy trial demands of an incarcerated defendant should be entitled to preference, and should only be overridden when the Government can show prejudice. In this case, the Government could proceed to trial against ALDIN with a bare fraction of its case. ALDIN had no involvement with busted methamphetamine laboratories in California or nationwide distributions of pseudoephedrine. The testimony anticipated from the Government will comprise the observations of surveillance agents, some videotape, the execution of a search warrant, and a traffic stop. An outline of that testimony at the

suppression hearing took approximately two hours. ALDIN submits that he would be unfairly prejudiced if forced to wait four months more before his case would be heard by a jury. Delaying his trial until October, 2001, would violate the Speedy Trial Act and his constitutional right to a speedy trial.

## CONCLUSION

Upon the arguments and authorities aforementioned, the Defendant requests this Court grant him a separate trial from all of his co-defendants. He takes no position on the Motion to Sever filed by co-defendant Mohammed Samhan. If this Court were to sever both cases, he would not object to a joint trial with Samhan. If this Court only believes one defendant should be severed, however, his incarcerated status should grant him preference over Samhan.

Respectfully submitted,

CHARLES G. WHITE, P.A.
Counsel for Defendant
2900 Bridgeport Avenue
Suite 401
Coconut Grove, FL 33133
Tel: (305) 856-1211
Fax: (305) 446-5856
Florida Bar No. 334170



CHARLES G. WHITE, ESQ.

6

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of June, 2001, to: LAURENCE M. BARDFELD, ASST. U.S. ATTORNEY, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, FL 33394; and defense counsel listed below.

RICHARD HAMAR, ESQ.
2437 Briarcrest Road
Beverly Hills, CA 90210
(Counsel for MOHAMMED SAMHAN)

FRED HADDAD, ESQ.
One Financial Plaza, # 2612
Fort Lauderdale, FL 33394
(Counsel for THOMAS NAROG)

JOHN R. HOWES, ESQ.
633 S.E. Third Ave., # 4F
Fort Lauderdale, FL 33301
(Counsel for RABAH EL HADDAD)

PAUL GOODMAN, ESQ.
33 N. Deerborn St., # 1015
Chicago, IL 60602
(Counsel for NABIL AQUIL)

TIMOTHY BIASIELLO, ESQ.
33 N. Deerborn St., # 1015
Chicago, IL 60602
(Counsel for NIZAR FNEICHE)

RANDEE J. GOLDER, ESQ.
Post Office Box 3756
Boynton Beach, FL 33424
(Counsel for ZUHAIR RABEI)

GLENN SEIDEN, ESQ.
33 N. Dearborn St., # 1015
Chicago, IL 60602
(Counsel for GHANDI JABER)

RICHARD DOCOBO, ESQ.
1571 N.W. 13th Court
Miami, FL 33125
(Counsel for NADIA ALMASRI)

THEODORE WEEKS IV, ESQ.
One Lake Morton Drive
Post Office Box 3
Lakeland, FL 33802
(Counsel for SABER ABDELMUTI)

F. WESLEY BLANKNER, JR., ESQ.
217 E. Ivanhoe Blvd., N.
Orlando, FL 32804
(Counsel for AHMAD ALMASRI)

CHARLES G. WHITE, P.A.
Counsel for Defendant ALDIN
2900 Bridgeport Avenue
Suite 401
Coconut Grove, FL 33133
Tel: (305) 856-1211
Fax: (305) 446-5856
Florida Bar No. 334170