UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6211-CR-DTKH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

THOMAS NAROG, et al.,

      Defendants.

_____/

**FINAL CASE MANAGEMENT ORDER**

      **THIS CAUSE** is before the court upon its own motion following a status conference. Upon consideration, it is:

      **ORDERED and ADJUDGED** that:

**Trial Date, Location & Schedule**

      1.  Trial in this case shall commence on **Monday, February 4th, 2002, at 9:00 a.m.** in the ceremonial courtroom (fourth floor) of the U.S. Courthouse at West Palm Beach, Florida. This is a "trial date certain" and counsel shall so advise any court scheduling a matter that may conflict with this setting.

      2.  With the exception of federal holidays, the normal trial week shall run from Monday through Thursday, 9:30 a.m. - 5:00 p.m.  The court will meet with counsel each evening

1

from 5:00 to 6:00 p.m. to discuss issues expected to arise the next day.

## Voir Dire

3.   Pursuant to Rule 24(a), Fed.R.Crim.P., the court will conduct all voir dire questioning. Counsel desiring to submit proposed voir dire questions for the court's consideration shall file them no later than 4:00 p.m. on Friday, February 1st, 2002.

4.   The defense shall be permitted to have one additional peremptory challenge for each defendant on trial provided that all defendants agree **in writing,** and file their stipulation no later than 5:00 p.m. on **Wednesday, January 30th, 2002,** that the government may have a proportionate increase (60% of total defense challenges). Otherwise, the defense shall have ten (10) peremptory challenges and the government six (6) pursuant to Rule 24(b), Fed.R.Crim.P. The court will announce, upon selection of the jury, the number of alternate jurors to be selected and the number of peremptory challenges to be allowed pursuant to Rule 24(c), Fed.R.Crim.P.

## Lead Defense Counsel

5.   Defense counsel shall designate one of their number to serve as lead counsel for the purpose of announcing challenges during jury selection and acting as liaison counsel in dealing with government counsel during the trial.

## Marking & Retention of Exhibits

6.   No paper or exhibit may be shown to a witness while testifying unless it has been marked for identification. Each party's exhibits shall be pre-marked in numerical sequence (1, 2, 3, etc.); no alphabetical designations shall be used. Each exhibit shall be marked with a sticker, available from the Clerk's office, identifying the case number, exhibit number, and the party offering

2

the exhibit. In addition, each exhibit shall be placed in a separate manila folder which displays the offering party's name and the exhibit number. Once an exhibit has been shown to a witness, it shall be left on a designated table for the remainder of the trial except for evening and weekend recesses during which the exhibit shall be retained by the offering party.

### Exhibit & Witness Lists

7. On the first day of trial, each party shall hand to the judge in the court room **two complete copies of the exhibit and witness lists.** The exhibit list, set out on Form AO 187 (available from the Clerk's office) shall indicate the pre-marked number, a brief description of the exhibit, and shall contain a space or line for the court's ruling on the admissibility of each exhibit.

### Speaking During Trial

8. To ensure an accurate record, counsel shall utilize the microphone at the lectern when addressing the court, examining a witness or speaking to the jury.

9. Lead defense counsel, referred to in ¶ 5 above, shall advise the court in writing prior to opening statements the order in which counsel wish to be recognized for opening statements and conducting cross-examination. During the progress of the trial, counsel may alter the usual order of recognition after advising the court in writing.

### Motion or Objection at Trial Applies to All Unless Party Opts Out

10. At all times during the trial, any objection, motion or other application for relief made by any defense attorney, orally or in writing, shall be deemed to be adopted and joined in by every other defendant unless defense counsel expressly opts out. Accordingly, rulings of the court shall be deemed to apply to every defendant unless otherwise stated at the time the ruling is made.

In light of this procedure, it shall be regarded as unnecessary and improper for counsel to rise and "join in" an objection or motion.

## Rule on Witnesses

11.   With the exception of a defendant who elects to testify, a witness whose testimony is interrupted by a recess shall be prohibited from discussing his or her testimony or any matter involving the case (other than scheduling, travel and hotel arrangements) until their testimony is completed.  Counsel are ordered to comply with this directive.

## Jury Instructions

12.   On the first day of trial, counsel for each party shall submit a written request for jury instructions.  Eleventh Circuit pattern jury instructions may be requested by title and number. Theory of defense and other special instructions may be submitted under seal.   With the exception of pattern jury instructions, all requests shall include one hard copy and one PC-compatible disk. Furthermore, all special jury instructions shall cite the case authority supporting the instruction.

## Computers in the Courtroom

13.   Counsel desiring to utilize laptop computers in the courtroom shall submit a proposed order granting such use on or before Wednesday, January 30th, 2002.

**DONE and SIGNED** in Chambers at West Palm Beach, Florida, this 21st day of January, 2002.

Daniel T. K. Hurley
U. S. District Judge

Copies provided to counsel of record

4