**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  00-6211-CR-HURLEY/VITUNAC**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

THOMAS L. NAROG,
RAED NASER ALDIN,
NABIL AQUIL,
NIZAR FNEICHE,
RABAH EL HADDAD, and
MOHAMMED SAMHAN,

      Defendants.

_____/



FILED by _____ D.C.

MAR 1 4 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## THE LAW

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find each Defendant guilty of the crime charged in the indictment.

CLERK:
File this document
in the court file.

Judge Hurley

## DUTY TO FOLLOW INSTRUCTIONS; PRESUMPTION OF INNOCENCE

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against a Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you must not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable

2

doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## CONSIDERATION OF THE EVIDENCE

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything that I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

3

## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving

dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

## CAUTION REGARDING CERTAIN WITNESSES

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. In this case the Government called witnesses with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the

Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses. And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## CHARACTER EVIDENCE

Defendant Mohammed Samhan has offered evidence of his traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant has consistently provided assistance to persons in need, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

6

## IDENTIFICATION TESTIMONY

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness's identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

## MERE PRESENCE

Merely being present at the scene of a crime or merely knowing that a crime is being

committed or is about to be committed is not sufficient to find that the Defendants committed that crime.

In order to find a Defendant guilty of the crime, the Government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crimes charged in the indictment, a Defendant knowingly and willfully associated himself with the crime charged in some way as a participant — someone who wanted the crime to be committed — not mere spectator.

## CHARGES IN THIS CASE

At this time I will explain the indictment which charges <u>fourteen</u> separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

I am distributing a chart to you which outlines the four separate crimes charged in the superseding indictment, and which shows which Defendant is charged in each count.

First, however, as to Counts 1 and 2, you will note that the defendants are not charged in those counts with committing a substantive offense; rather, they are charged with having conspired to do so.

### Counts 1 and 2
### Conspiracy

Federal law makes it a separate crime or offense for anyone to conspire or agree with

someone else to do something which, if actually carried out, would be a violation of the law. Now, I instruct you that federal law makes it a crime for anyone to possess or distribute a listed chemical with knowledge or reasonable cause to believe it would be used to manufacture a controlled substance. Therefore, it is a separate federal crime to conspire to possess or distribute a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance. This is the crime that is alleged in Count 1. By the same token, federal law makes it a crime for anyone to manufacture a controlled substance, such as methamphetamine. Therefore, it is a separate federal crime to conspire to manufacture methamphetamine, a controlled substance. This is the crime alleged in Count 2.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:     That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

9

Second:       That the Defendant, knowing the unlawful
              purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the

details of the unlawful scheme or the names and identities of all of the other alleged

conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the

plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to

convict that Defendant for conspiracy even though the Defendant did not participate before

and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that

certain persons may have associated with each other, and may have assembled together and

discussed common aims and interests, does not necessarily establish proof of a conspiracy.

Also, a person who has no knowledge of a conspiracy, but who happens to act in a way

which advances some purpose of one, does not thereby become a conspirator.


### (Counts 3, 6, 8, 10, 11, 12, 13, and 14)
### Possession and Distribution of a Listed Chemical
### Knowing or Having Reasonable Cause to Believe That the
### Listed Chemical Would Be Used to Manufacture a Controlled Substance

Various Defendants are charged in Counts 3, 6, 8, 10, 11, 12, 13, and 14 of the

indictment with possession and distribution of pseudoephedrine, knowing or having

reasonable cause to believe it would be used to manufacture methamphetamine. It is a

Federal crime or offense for anyone to possess or distribute a listed chemical knowing, or

having reasonable cause to believe, that the listed chemical would be used to manufacture

a controlled substance.

Methamphetamine is a "controlled substance" within the meaning of the law. The term "list I chemical" means a chemical specified by regulation of the Attorney General as a chemical that is used in manufacturing a controlled substance and is important to the manufacture of the controlled substance. Pseudoephedrine is a list I chemical.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the defendant knowingly and willfully possessed
            or distributed pseudoephedrine as charged; and

Second:     That the defendant knew or had reasonable cause
            to believe that the listed chemical would be used
            to manufacture a controlled substance.

"Distribute" means the transfer of possession to another person, with or without financial interest in the transaction.

The Government may establish the second element by proving that the Defendant had actual knowledge, i.e., by proving beyond a reasonable doubt that the Defendant knew that the listed chemical would be used to manufacture a controlled substance. Alternatively, the Government may establish the second element by proving, beyond a reasonable doubt, that the Defendant had reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance.

To establish "reasonable cause to believe" that a listed chemical would be used to manufacture a controlled substance, the Government must prove, beyond a reasonable doubt,

that the Defendant was aware of facts and circumstances which caused him to have a reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance. The reasonable-cause-to-believe standard focuses on the subjective mind-set of the Defendant. To establish this standard, the Government must prove that the Defendant acted in bad faith. Innocent or inadvertent conduct by the Defendant does not satisfy the reasonable-cause-to-believe standard.

### THREE METHODS TO PROVE THE SUBSTANTIVE OFFENSE OF POSSESSION OR DISTRIBUTION OF A LISTED CHEMICAL KNOWING OR HAVING REASONABLE CAUSE TO BELIEVE THAT THE LISTED CHEMICAL WOULD BE USED TO MANUFACTURE A CONTROLLED SUBSTANCE

The law permits the Government to prove a Defendant's guilt of the substantive crime of possession or distribution of a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance by three different methods. The first method is by proving beyond a reasonable doubt that the Defendant committed the offense as a principal; i.e., that the Defendant himself committed all the elements of the crime. The second method is by proving beyond a reasonable doubt that the Defendant aided and abetted another in the commission of the crime. The third method by which the Government may prove the commission of the crime is by showing beyond a reasonable doubt that the Defendant is guilty under the theory of co-conspirator liability. No matter which of these three methods — or combination of these three methods — the Government employs, it must still show that all of the elements of the particular crime have

12

been met beyond a reasonable doubt. I will now explain each of the three methods in further detail.

## (1) The Law of Principal Liability

The first method simply requires the government to show beyond a reasonable doubt that the particular defendant personally committed this crime.

## (2) The Law of Aiding and Abetting

The second method allows the guilt of a Defendant in a criminal case to be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort. The law refers to this concept as "aiding and abetting" a crime.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had engaged in such conduct himself.

Notice, however, that before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate himself in some way

13

with the crime, and willfully participate in it. In other words, to convict a Defendant under the theory of aiding and abetting, the Government must prove beyond a reasonable doubt that (1) a substantive offense was committed; (2) that the Defendant willfully associated himself with the criminal venture; and (3) that the Defendant willfully did some act which furthered the criminal venture.

Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

### (3)  The Law of Co-conspirator Liability

Now let me turn to third concept of liability -- what is called co-conspirator liability. This liability is based on the legal rule that all members of a conspiracy are responsible for the acts committed by the other members, as long as those acts were committed to help advance the conspiracy and are reasonably foreseeable within the scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

To use this theory to find a Defendant guilty of possession and distribution of a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture

14

a controlled substance, you must be convinced that the government has proved each and

every one of the following elements beyond a reasonable doubt:

(1)   The Defendant named in the substantive count was a member of a conspiracy charged in **Count 1** of the superseding indictment; and

(2)   After the Defendant joined the conspiracy, and while he was still a member of it, one or more of the other members committed the substantive crime of possession and distribution of a listed chemical knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, as Count 3, 6, 8, 10, 11, 12, 13 and 14 describe that crime and as I have just defined the elements of that crime; and

(3)   The substantive crime was committed to advance the conspiracy; and

(4)   The substantive crime was reasonably within the scope of the conspiracy; and

(5)   The crime was reasonably foreseeable to the Defendant as being a necessary or natural consequence of the conspiracy.

To establish these elements, the government does not have to prove that each

Defendant specifically agreed or knew that the particular crime would be committed.

However, the Government must prove that the crime was within the reasonable

contemplation of the persons who participated in the conspiracy.   No Defendant is

responsible for the acts of others which go beyond the fair scope of the agreement as the

Defendant understood it.

**(Counts 4, 5, 7, and 9)**
**Possession of Listed Chemical With**
**Intent To Manufacture Controlled Substance**

Thomas Narog is charged in Counts 4, 5, 7, and 9 of the indictment with possession of pseudoephedrine with intent to manufacture methamphetamine. It is a federal crime or offense for anyone to possess a listed chemical with the intent to manufacture a controlled substance.

Methamphetamine is a "controlled substance" within the meaning of the law. The term "list I chemical" means a chemical specified by regulation of the Attorney General as a chemical that is used in manufacturing a controlled substance and is important to the manufacture of the controlled substance. Pseudoephedrine is a list I chemical within the meaning of the law.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant knowingly and willfully possessed
           pseudoephedrine as charged; and

Second:    That the Defendant possessed the listed chemical with
           the intent to manufacture a controlled substance.

**TWO METHODS TO PROVE SUBSTANTIVE OFFENSE**
**OF POSSESSION OF A LISTED CHEMICAL WITH INTENT**
**TO MANUFACTURE A CONTROLLED SUBSTANCE**

The law permits the Government to prove a Defendant's guilt of the substantive crime of possession of pseudoephedrine with the intent to manufacture methamphetamine, a

16

controlled substance, by two different methods. The first method is by proving beyond a reasonable doubt that the Defendant committed the offense as a principal. I have previously defined this concept for you. The second method is by proving beyond a reasonable doubt that the Defendant aided and abetted another in the commission of the crime. I have previously defined the concept of aiding and abetting to you.

No matter which of these two methods — or combination of these two methods — the Government employs, it must still show that all of the elements of the particular crime have been met beyond a reasonable doubt.

## MULTIPLE CONSPIRACIES

You are instructed, with regard to each of the conspiracy offenses alleged in the indictment, that proof of other conspiracies is not proof of the particular conspiracy charged in a given count unless one of the several conspiracies which is proved is the conspiracy which the indictment charges.

What you must do is determine whether each conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you cannot find the Defendant guilty of that particular count. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that the Defendant was a member of some other conspiracy, not the one charged in that particular count of the indictment, then you may not convict the Defendant on that count.

In other words, to find the Defendant guilty of a conspiracy count, you must unanimously find that he was a member of the particular conspiracy charged in the indictment and not a member of some other separate conspiracy.

## POSSESSION

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

## ON OR ABOUT

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt

18

that the offense was committed on a date reasonably near the date alleged.

## KNOWINGLY

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## WILLFULLY

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## CAUTION — PUNISHMENT

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only

for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## VERDICT

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you

here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.