UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC(s)

UNITED STATES OF AMERICA, )
)
)
v. )
)
)
RAED NASER ALDIN, )
)
      Defendant. )
_____ )

GOVERNMENT'S NOTICE OF NASER ALDIN'S OBSTRUCTION
OF JUSTICE AND/OR, ALTERNATIVELY, GOVERNMENT'S
OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

THE UNITED STATES, through its undersigned counsel, hereby provides notice of defendant Raed Naser Aldin's (Aldin) obstruction of justice and/or, alternatively, files its objection to Aldin's Pre-Sentence Investigation Report (PSI) to the extent that the obstruction of justice section of Aldin's PSI should be supplemented with the addtional notice provided herein.

Aldin testified under oath in his defense at his jury trial. In doing so, he testified falsely regarding the following material issues:

1. <u>Movement of Pseudoephedrine between warehouse units</u> - Aldin testified falsely that the sole reason for his movement of pseudoephedrine between warehouse units at the Shurguard warehouse was to store waste, garbage and unused boxes (p. 3499). In

1

fact, Aldin moved the boxes so co-defendant El Haddad would not know the true location of all stored pseudoephrine.

2. <u>Countersurveillance at Shurguard warehouse</u> - Aldin testified falsely that he was not concerned with an undercover vehicle that drove past the Shurguard warehouse unit and that his gestures on the videotape were made for the sole purpose of getting Jaber Ghandi's attention for purposes of not closing another warehouse unit door (pp. 3501. 3582-89).

3. <u>Reason for disposing of garbage bags in multiple dumpsters</u> - Aldin testified falsely that he was not concerned about the contents of garbage bags and that he disposed of the garbage bags in multiple dumpsters for the sole purpose that, as a matter of "decency," he felt uncomfortable in filling up other people's dumpsters (pp. 3504, 3508-09).

4. <u>Reason for driving in Target shopping center alley</u> - Aldin testified falsely that his sole reason for driving in the Target shopping center alley was to use it as a shortcut, not to check on police countersurveillance (pp. 3514-15). He also falsely testified that he was present in that area on June 5th because he went shopping at Target (p. 3515).

5. <u>Failure to remember June 5th advice of rights</u> - Aldin testified falsely that he did not recall having been advised of his *Miranda* rights on June 5th and that, it he were so advised, he did not speak English well on June 5th to have understood those rights (p.3522-23, 3572-73). In fact, Aldin invoked his right to a lawyer when asked additional questions by S/A Joseph Collins regarding Aldin having been at the Boynton Beach townhouse on prior occasions.

6. Claim to have invoked right after talking to Jaber on cell telephone while at the scene of the Boynton Beach townhouse - After cross-examination, Aldin falsely testified that he did not provide information to S/A Collins because S/A Collins allowed Aldin to make a cellular telephone call to Jaber and that Jaber instructed Aldin to ask for a lawyer (p. 3603). In addition to evidence that the Government will offer at Aldin's sentencing hearing, this Aldin's false re-direct testimony is rebutted by Aldin's own direct testimony wherein he testified that he spoke to Jaber after Aldin's release from the Boynton Beach police station (pp.3487-3534, 3526).

7. Knowledge of identities of co-defendant Aquil and Fneiche - Aldin falsely denied to S/A Collins that Aldin knew co-defendants Aquil and Fneiche. Aldin testified falsely at trial that he made this denial based solely on Aldin's misunderstanding, his limited English and his lack of knowledge of the full names for Aquil and Fneiche (pp. 3524, 3580).

8. Presence at Boynton Beach townhouse - Aldin falsely denied to S/A Collins that Aldin had been at the Boynton Beach townhouse. Aldin testified falsely at trial that he made this denial based solely on Aldin's misunderstanding, his limited English and his claim that he was living at another rental unit on June 5th (p. 3523, 3577).

9. Reason for pseudoephedrine in Aldin's car - Aldin falsely advised agent Collins that Aldin had 5 bottles of pseudoephedrine in Aldin's car for the sole reason that Aldin had it for a cold (p. 3524, 3579).

10. Lack of knowledge of criminal activity - Aldin testified falsely at trial that he did not know the illegal purpose for which the pseudoephedrine was being re-packaged and/or that his detention by police on June 5th was connected with the pseudoephedrine found in the Boynton Beach townhouse (pp.3505, 3525-26, 3578).

3

The record shows by a preponderance of the evidence that defendant Naser Aldin attempted to obstruct justice through his false and perjured testimony at trial.

## MEMORANDUM

USSG § 3C1.1 (1998) requires a two-level upward adjustment to a defendant's base offense level:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.[1]

While the commentary to that section teaches that the section "is not intended to punish a defendant for the exercise of a constitutional right," the commentary also recognizes an exception to that general rule for a defendant's "denial of guilt under oath that constitutes perjury." USSG § 3C1.1, comment. (n.2) (1998).

This Circuit consistently has held that the obstruction-of-justice enhancement is proper if a defendant commits perjury at trial. See United States v. Hubert, 138 F.3d 912, 915 (11th Cir. 1998); United States v. Paradies, 98 F.3d 1266, 1292 (11th Cir. 1996); United States v. Jones, 32 F.3d 1512, 1519-20 (11th Cir. 1994). Perjury, for the purpose of applying § 3C1.1, is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. " United States v. Dunnigan, 507 U.S. 87, 113 S. Ct. 1111, 1116 (1993); See Hubert, 138 F.3d at 914.

---

[1] The government used the 1998 Guideline Manual in preparing this response.

4

The government has the burden to establish the obstruction of justice enhancement by a preponderance of the evidence.

Thus, the two-level upward adjustment under Section 3C1.1 is clearly warranted.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
THOMAS A. O'MALLEY
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 310964
500 East Broward Boulevard
Ft. Lauderdale, FL 33394
Office: (954) 356-7254
FAX:   (954) 356-7336

_____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 0105619
500 Australian Ave., Suite 400
West Palm Beach, FL 33401
Office: (561) 820-8711
FAX:   (561) 820-8777

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed this 27th day of August, 2002, to: Charles G. White, 1031 Ives Dairy Road, Suite 228, Miami, Florida 33179-2538.

BY: _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY